STATE TRIAL ATTORNEYS ASSOCI-
ATION et al., Plaintiffs-Appellants,

v.

Houston I. FLOURNOY et al.,
Defendants-Appellees.

No. 9-25.

Temporary Emergency Court
of Appeals.

Aug. 18, 1975.

.Anthony M. Skrocki and Frank C. Mo-
rales, Mohi, Morales & Glasman, Los An-
geles, Cal., for appellants.

Talmadge R. Jones, Deputy Atty. Gen.,
Loren E. McMaster, Senior Atty., Cali-
fornia State Employees Ass'n, Sacramen-
to, Cal., John S. Nordin, Deputy U. S.
Atty., Los Angeles, Cal., and John H.
Broadley, Dept. of Justice, Washington,
D. C., for appellees.

Before CARTER, CHRISTENSEN and
ESTES, Judges.

PER CURIAM.

On July 2, 1973, the plaintiffs, State
Trial Attorneys, representing approxi-
mately 80 State of California employees,
and Anthony M. Skrocki, employed in
the position of deputy Attorney General
of the State of California, filed a com-
plaint in the United States District
Court for the Central District of Califor-
nia for Declaratory Relief and Petition
for Peremptory Writ of Mandate on be-
half of approximately 180,000 employees
similarly situated, against defendants
Houston I. Flournoy, controller of the
State of California; various wage-and-
salary-fixing authorities of the State of
California; the Cost of Living Council
(CLC); and the Pay Board. The plain-
tiffs were seeking a judicial decree man-
dating the State of California to pay the
portion of wage and salary increases
which they did not receive in the first
half of the 1972–1973 fiscal year by rea-
son of California's compliance with a
Pay Board order then in effect. The
State of California aligned itself with
the plaintiffs and expressly disavowed
any reliance upon the Pay Board order
as a defense to this suit. Indeed, Cali-
fornia joined its employee plaintiffs in
challenging the validity of Pay Board—
CLC action limiting the employees' pay
increases.

Since the expiration of the Economic
Stabilization Act of 1970, Pub.L.91–379,
84 Stat. 799, as amended (ESA) 12
U.S.C. § 1904 note, on April 30, 1974,

this court held that neither § 218 of the ESA (the saving clause defining this court's jurisdiction after the Act's expiration) nor the general saving statute, 1 U.S.C. § 109, permits this court to exercise jurisdiction over an action such as this. *United States v. California*, 504 F.2d 750 (Em.App., 1974), *cert. denied*, 421 U.S. 1015, 95 S.Ct. 2423, 44 L.Ed.2d 684 (1975). The statement of this court in *Carpenters 46 County Conference Board et al. v. The Construction Industry Stabilization Committee*, 522 F.2d 637 (Em.App., 1975), that "following the *California, supra*, decision this case presents no justiciable controversy on which the relief sought could be granted, and the case must be dismissed as moot. *Securities & Exch. Com'n v. Medical Com. for Human Rights*, 404 U.S. 403, 407, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972)" is controlling here.

Accordingly, it is ordered that this action is remanded to the district court for dismissal.

So ordered. Rules 23, 25, and 28 of this court.